UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROYNELL DAMON WILLIAMS

    Plaintiff,

vs

COMMISSIONER OF SOCIAL SECURITY

    Defendant.
_____/

Case No: 11-11694

Honorable Victoria A. Roberts

**ORDER ADOPTING R&R, GRANTING DEFENDANT'S
MOTION, AND DENYING PLAINTIFF'S MOTION**

### I. INTRODUCTION

Before the Court are the parties' cross-motions for summary judgment. Magistrate Michelson recommends that the Court grant Defendant's motion and deny Plaintiff's.

The Court **ADOPTS** the Magistrate Judge's recommendation and will **GRANT** Defendant's motion for summary judgment and **DENY** Plaintiffs motion for summary judgment.

### II. PROCEDURAL HISTORY AND FACTS

Magistrate Michelson sufficiently summarizes the relevant facts and procedural history. Her summary is incorporated by reference here. The Court relies on additional facts and history where noted.

### III. STANDARD OF REVIEW

The Court affirms the Commissioner's decision if it is supported by substantial evidence upon reviewing the record as a whole. *Jones v. Comm'r Soc. Sec.,* 336 F.3d

469, 475 (6th Cir. 2003); 42 U.S.C. § 405(g).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989).  There is substantial evidence where a reasonable mind could accept that there is evidence adequate to support the challenged conclusion.  *Casey v. Sec'y of Health and Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993).  Substantial evidence may still be found even if there is evidence to support the opposite conclusion.  *Id.*

The Court reviews the Commissioner's opinion under a "zone of choice" – a deferential standard where the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).  If the Commissioner's decision is supported by substantial evidence, it must stand, even if this Court would reach a different conclusion.  *Bogle v. Sullivan,* 998 F.2d 342, 347 (6th Cir. 1993).   In reviewing the Commissioner's decision, the Court may only consider the record before the ALJ; it may not review the evidence *de novo*, weigh the evidence, or make credibility determinations.  *See Id.*  It is not a requirement that either the ALJ or the magistrate address every piece of evidence contained in the record.  *Kornecky v. Comm'r of Soc. Sec.,* 167 F. App'x 496, 508 (6th Cir. 2006).  However, absent harmless error, "[i]t is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence.  It is absolutely essential for meaningful appellate review".  *Hurst v. Sec'y of Health and Human Services,* 753 F.2d 517, 519 (6th Cir. 1985)

The review of a magistrate's recommendation on a dispositive motion is *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## IV. ARGUMENT

The Social Security Act ("Act") provides disability benefits to a wage earner if he establishes that his impairments prevent him from any substantial gainful employment because of medically determinable physical or mental impairments. 42. U.S.C. § 423(d)(1)(A). There is a "five-step sequential evaluation process" for determining if a claimant is eligible. 20 C.F.R. § 404.1520. Plaintiff must establish that: (1) he is not presently engaged in gainful employment; (2) he suffers from a severe impairment; and (3) the impairment meets or is medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the listing") and had the impairment for a sufficient duration. *Id.* If he can demonstrate all three factors, the claimant is disabled within the meaning of the Act, and the inquiry ends. 20 C.F.R. § 404.1520(d).

However, if the claimant does not meet these three factors, he may still qualify under the fourth step if he can prove that he does not have the "residual functional capacity" ("RFC") to perform past work. *Jones,* 336 F.3d at 474. If claimant satisfies this burden, then he proceeds to step 5, where the burden shifts to the Commissioner to show that there is other work available in the economy that the claimant can perform. *Id.* "To meet this burden, there must be 'a finding supported by substantial evidence that [claimant] has the vocational qualifications to perform specific jobs.'" *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (quoting *Kirk v. Sec'y of*

*Health & Human Servs.,* 667 F.2d 524, 529 (6th Cir. 1981)).  Vocational Expert ("VE") testimony may be used to provide this evidence; however, the hypothetical question posed to the VE must accurately portray claimant's individual impairments.  *Id.*

### a.  Plaintiff's Claims

Plaintiff seeks Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") starting March 31, 2007.  Plaintiff possesses a GED and most recently worked at Meijers.  Plaintiff claims to have suffered injuries while working at Meijers, although he has given varying accounts for his injuries.

Plaintiff is obese; he was 5'7" tall and weighed 322 lbs at the time of the hearing.  He testified that the injuries make it impossible for him to work; generally, he lays in bed and takes hot baths to relieve back pain.  Plaintiff testified that he can stand for five minutes without his cane, and about ten minutes with it.

### b.  ALJ Decision and Magistrate' Recommendation

The Magistrate concluded that the Commissioner's decision to deny benefits is supported by substantial evidence.

On July 14, 2009, ALJ Ethel Revels held a hearing on Plaintiff's claim after his initial claims for DIB and SSI were denied.  The ALJ heard testimony from Plaintiff and Richard Sitlawski, a VE.  Counsel represented plaintiff.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act, and that he was not entitled to benefits.

To reach this conclusion, the ALJ conducted the five-step sequential analysis.  At step one, the ALJ found that Plaintiff has not engaged in any substantial gainful activity since March 31, 2007, the alleged onset date.  At step two, the ALJ concluded that Plaintiff suffered various severe impairments including: degenerative disc disease;

gastroesophogeal reflux disorder; obesity; sleep apnea; asthma, and hypertension. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with restrictions. These restrictions include: relatively clean air environment; no repetitive bending; no work at hazardous heights or around dangerous machinery; no work involving climbing of stairs; no squatting, kneeling, crouching, or crawling; no repetitive twisting; no overhead reaching; and a requirement for a sit/stand option. The ALJ determined that the work must be simple, repetitive tasks because of Plaintiff's moderate limitations in maintaining concentration, as well as moderate limitations in ability to understand, remember, carry out detailed instructions due to pain and depression.

While the ALJ found that Plaintiff's conditions could reasonably cause the alleged symptoms of pain, the ALJ did not find that the level of intensity and the limiting effects of these symptoms were consistent with the RFC assessment. First, the ALJ found that Plaintiff's testimony was not credible concerning the extent of his symptoms. The ALJ cites inconsistencies in Plaintiffs testimony, including discrepancies between pre-hearing reports and hearing testimony regarding the amount of time Plaintiff could sit, stand, and walk.

Second, the ALJ found that the medical evidence did not support symptoms of the magnitude claimed by Plaintiff. In her findings, the ALJ addressed medical examinations conducted by Dr. Gross, Concentra Medical Center; several emergency

room trips to various hospitals; David Katz, a chiropractor; Dr Krasnick, a doctor retained by Plaintiff in a related workers compensation case; Dr. Pasha; and Dr. Kim.

Dr. Gross conducted an Independent Medical Examination ("IME") on Plaintiff. Dr. Gross ordered an x-ray and an MRI; both were unremarkable. Dr. Gross concluded that any spinal problems depicted in the MRI were not due to the accident, but were simply degenerative. Dr. Gross opined that Plaintiff could be employed if allowed to make postural changes, and if no repetitive twisting or bending, and no lifting more than twenty pounds was involved. The ALJ gave Dr. Gross's examination significant weight.

Plaintiff also visited the Concentra Medical Center for treatment. There, various Physician Assistants ("PA") examined Plaintiff. They noted Plaintiff's gross obesity, and remarked several times that Plaintiff suffers from "symptom magnification." Various restrictions were placed on Plaintiff during the course of his treatment with Concentra; these restrictions were generally consistent with the RFC assessment. PAs indicated that Plaintiff should return to work.

Plaintiff's emergency room trips were equally uneventful. Test results were inconsistent with prior diagnosed evidence. He was discharged from each visit with instructions to follow up with his doctors.

Plaintiff visited chiropractors Cole and Katz for treatment in late 2007. The ALJ did not make any specific findings regarding the credibility of these chiropractic treatments, but did acknowledge the existence of them.

Plaintiff was also examined by Dr. Krasnick, a doctor retained due to a related workers compensation claim. The ALJ noted that Dr. Krasnick's limitations were

consistent with the RFC, except that Plaintiff was restricted from carrying more than five pounds.

Finally, Drs. Kim and Pasha treated Plaintiff. Both of these doctors addressed Plaintiff's weight, and said it was a contributing factor to his symptoms.

In step five, and based on the medical evidence and the RFC analysis, the ALJ determined that while Plaintiff could not perform past relevant work, there was ample sedentary work available to him. These positions include clerical handling, inspector/checker, small parts assembler, and security services. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiffs review on March 29, 2011. 20 C.F.R. § 404.981.

Magistrate Michelson found that the ALJ complied with the Treating Source Rule, and found that Dr. Sawyer and Dr. Daly were not treating sources based on the lack of an ongoing treatment relationship as required by 20 C.F.R. § 404.1502.

Additionally, Magistrate Michelson stated substantial evidence supports the ALJ's conclusion that the RFC assessment was correct, and the denial of benefits was proper based on the range of available sedentary work.

### c. Plaintiff's Objections

Plaintiff asks the Court to reject the R&R, reverse the Commissioner, grant Plaintiff's Motion for Summary Judgment, or, at a minimum, remand the case to the Magistrate for further analysis.

Plaintiff has two objections. First, Plaintiff says the ALJ and Magistrate erred when, after finding the physicians at Concentra were not treating medical sources whose opinions were entitled to controlling weight, they stopped their analysis without

noting that the medical opinions of Concentra were still entitled to be considered. Plaintiff contends that without specific discussion of these opinions, the ALJ and Magistrate erred. "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Sec'y of Health and Human Services,* 753 F.2d 517, 519 (6th Cir. 1985).

Second, Plaintiff argues that the ALJ and Magistrate failed to consider the opinions of the PAs at Concentra, as well as Plaintiff's chiropractors, even though these individuals are not "acceptable medical sources." By failing to address the opinions of these individuals, Plaintiff says the case must be remanded.

## V. ANALYSIS

### a. Medical Opinions from Concentra

A review of the medical opinions from the staff at Concentra does not warrant a reversal of the ALJ's and Magistrate's finding that Plaintiff is not disabled. First, opinions vary greatly; not only are some of the opinions consistent with the RFC used by the ALJ, there were frequent findings that Plaintiff is "prone to symptom exaggeration." The few inconsistent opinions of Concentra are not consistent with the substantial evidence, and the ALJ and Magistrate were warranted in affording them little or no credit.

The question still remains whether it is reversible error to deny benefits without specifically addressing the opinions of Concentra in the written findings. It is not. The failure to address these opinions constitutes harmless error when viewing the evidence as a whole.

Plaintiff relies on *Hurst v. Sec'y of HHS*, 753 F.2d 518 (6th Cir. 1985), for the proposition that it is reversible error to not discuss the examinations of Concentra. Doc 14: Plaintiff's Objections to R&R at 2 ("It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review" (quoting *Hurst*, 753 F.2d at 519)). However, reliance on *Hurst* and its progeny is misplaced. In *Hurst*, the court held that the decision to deny benefits was not supported by substantial evidence, and that the ALJ failed to discuss a treating physician's opinion. *Id.* at 520-21, 518-19. This finding was not based solely on the ALJ's error; the Agency relied on possibly fraudulent examinations, the ALJ erred in dismissing objective medical findings, and the ALJ mischaracterized medical reports. *Id* at 519-21.

Because substantial evidence supports the ALJ's and Magistrate's determination, *Hurst* is inapplicable.

### b.  Opinions From "Non-acceptable Medical Sources"

Finally, Plaintiff argues that, after finding that the PAs at Concentra and Dr. Krasnick, a chiropractor, were not "acceptable medical sources," the ALJ and Magistrate committed error by not discussing their opinions and the impact on Plaintiff's ability to work. Plaintiff provides no case law supporting this alleged error, but instead relies on 20 CFR § 404.1513(d)(1).

§ 1513(d)(1) states:

> . . . [i]n addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other

9

sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to--

> (1) Medical sources not listed in paragraph (a) of this section (for example, nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists); . . .

Plaintiff fails to show how this is error, or, if it is error, how it is not harmless. First, the regulation clearly states "we **may** [emphasis added] use evidence from other sources . . . ." In this case, both the ALJ and Magistrate, after finding that these opinions are not acceptable medical sources, chose not to afford them any weight, or to use them as evidence in their analysis. Unlike a treating physician, Plaintiff fails to show any requirement that these opinions must be enumerated in the findings in order to preserve the record both under the regulation and *Hurst supra*.

Second, as discussed, the findings of the ALJ are supported by substantial medical evidence; therefore, any error by the ALJ or Magistrate is harmless. The Court finds that neither Dr Krasnick's opinion nor the conflicting opinions of the PAs at Concentra outweighs the abundance of medical evidence and opinions that Plaintiff is not disabled.

### VI. CONCLUSION

The Commissioner provides sufficient justification for his denial of benefits. The Court **ADOPTS** Magistrate Michelson's recommendation; **GRANTS** Defendant's motion for summary judgment; and **DENIES** Plaintiff's motion for summary judgment.

**IT IS ORDERED.**

                                        <u>S/Victoria A. Roberts</u>
                                        Victoria A. Roberts
                                        United States District Judge

Date:  5/8/2012